PER CURIAM.
On direct appeal of her racketeering conviction, Amber Renea Baker argues the trial court erred in denying her motion for judgment of acquittal. She contends the state failed to adduce sufficient evidence from which the jury could conclude, beyond a reasonable doubt, that she knew that the escort service her brother ran, and for which she worked occasionally, operated as a front for a prostitution ring.[1] We reverse.
The state put on no evidence that she acted as a prostitute herself, and failed to adduce evidence sufficient to prove that she agreed to secure (an)other person(s) for prostitution or otherwise violated[2] section 796.07, Florida Statutes (2006). See State v. Law, 559 So.2d 187, 188 (Fla.1989); Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981) (stating legal test for deciding whether to affirm denial of a motion for judgment of acquittal is “whether after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is *1222 substantial, competent evidence to support the verdict and judgment”); Robinson v. State, 936 So.2d 1164, 1166 (Fla. 1st DCA 2006). Because the state also failed to present evidence inconsistent with the testimony (and appellant’s “theory of events”) that she lacked knowledge of any unlawful purpose of the enterprise, appellant was entitled to a judgment of acquittal. See Rager v. State, 587 So.2d 1366, 1370 (Fla. 2d DCA 1991) (reversing defendant’s convictions for racketeering, securities fraud, and grand theft where state “failed to show mens rea to tie [the defendant] to the criminal acts”).
Reversed.
ALLEN, DAVIS, and BENTON, JJ., concur.

. The state charged appellant with violating the racketeering statute, see § 895.03, Fla. Stat. (2006), by on at least two occasions either (1) agreeing to secure another for the purpose of prostitution in violation of section 796.07(2)(b), Florida Statutes; (2) directing, taking, or transporting a person to a place, structure, building, or to any other person while knowing or having reasonable cause to believe that such directing, taking, or transporting was for the purpose of prostitution, in violation of section 796.07(2)(d), Florida Statutes; and/or (3) aiding or abetting another person to commit or engage in prostitution, in violation of section 796.07(2)(h), Florida Statutes, while she was employed by or associated with an escort service.

. A person who "commit[s], ... attempt[s] to commit, ... conspiréis] to commit, or ... solicits], coerce[s], or intimidate[s] another person to commit” any crime chargeable under (among other provisions) section 796.07, Florida Statutes (2006) (prohibiting prostitution), commits racketeering activity. See § 895.02(l)(a)25„ Fla. Stat. (2006).